# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUR DABLAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CMRE FINANCIAL SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00878-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DENYING REQUEST TO RETAIN JURISDICTION WITHOUT PREJUDICE AND ADVISING PARTIES ACTION WILL BE DISMISSED WITHOUT RETENTION OF JURISDICTION IF NO RENEWED MOTION FILED<br><br>(ECF Nos. 12, 13, 14, 15, 16)<br><br>**DEADLINE: APRIL 7, 2023** |

On February 28, 2023, Plaintiff filed a notice of settlement. (ECF No. 12.) On March 1, 2023, the Court issued an order requiring the parties to file dispositional documents on or before March 21, 2023. (ECF No. 13.) On March 22, 2023, the Court issued an order to show cause why sanctions should not be imposed due to the parties failing to file dispositional documents by the deadline. (ECF No. 14.) On March 23, 2023, Plaintiff filed a response to the order to show cause, as well as a stipulation of dismissal of this action. (ECF Nos. 15, 16.)

The response to the order to show cause proffers the mistake was due to a calendaring error, and that counsel is reviewing the law firm's internal calendaring practices. (ECF No. 16.) The Court finds good cause to discharge the order to show cause.

1

1        In the stipulation of dismissal, the parties seek to dismiss the action with prejudice, with
2   each party bearing its own attorneys' fees and costs, "provided that the Court retain ancillary
3   jurisdiction for enforcement of the Settlement Agreement between the Parties in its Order." (ECF
4   No. 15 at 2.) In the proposed order of dismissal, the parties indicate they seek the Court to retain
5   jurisdiction to enforce the settlement agreement for twelve months from the date of the order of
6   dismissal. (ECF No. 15-1 at 2.)

7        The Court finds the request to retain jurisdiction is properly denied on the merits due to
8   several facial deficiencies. For example, the parties provide no legal authority in support of their
9   request. Furthermore, the parties request the Court retain jurisdiction to enforce the terms of their
10  settlement, but do not explain why. Since it is rare for the Court to retain jurisdiction, it is unclear
11  why the Court would retain jurisdiction over the settlement contract and any breach of that
12  contract when the settlement was not reached at a settlement conference that the Court conducted.
13  The Court further notes that the parties have not consented to the jurisdiction of a United States
14  Magistrate Judge, so this case is assigned to a United States District Judge. This Court is one of
15  the busiest courts in the country and the Court sees no need to tie up two judges with retention of
16  jurisdiction without good cause. Finally, while the parties indicate they seek the Court to retain
17  jurisdiction for a period of twelve months, they provide no other information justifying such a
18  period of time for retaining jurisdiction as reasonable or appropriate. Without more, the Court
19  shall deny the parties' request. However, the denial shall be without prejudice to the parties
20  submitting a properly-noticed motion or stipulated motion consistent with this order. Given the
21  parties' stipulated request for dismissal was contingent on the retention of jurisdiction, the Court
22  does not yet close this action, but will do if no renewed motion is filed.

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's order to show cause issued on March 22, 2023 (ECF No. 14), is DISCHARGED;

2. The parties' stipulated request that the Court retain ancillary jurisdiction to enforce the settlement agreement (ECF No. 15) is DENIED without prejudice; and

3. If the parties wish to file a renewed stipulated motion for the Court to retain jurisdiction over their agreement, they must do so **no later than April 7, 2023**. Otherwise, the Court will direct the Clerk of the Court to close this case and adjust the docket to reflect the parties' voluntary dismissal pursuant to Rule 41.[1]

IT IS SO ORDERED.

Dated:   **March 24, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the same counsel in this action recently filed a similar contingent request for dismissal in another action, and the Court issued essentially the same order in that action, with no further motion to retain jurisdiction being filed, and the Court dismissing the action without retention of ancillary jurisdiction. (See Case No. 1:22-cv-00328-JLT-SAB, ECF Nos. 14, 15, 16.) The Court expects counsel to not file such unsupported requests to retain jurisdiction again.